Filed 6/20/23  In re V.G. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re V.G., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B317112 (Super. Ct. No. 21JV00359) (Santa Barbara County) |
| SANTA BARBARA COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FRANK G., <br><br> Defendant and Appellant. | OPINION ON TRANSFER FROM SUPREME COURT |

Frank G. (father) appeals the juvenile court's jurisdictional findings and dispositional orders declaring V.G. a dependent child and placing her with father with family maintenance

services.  (Welf. & Inst. Code, § 300.)[1]  He does not challenge the jurisdictional findings based on allegations against V.G.'s mother, who is not a party to this appeal.  While father's appeal was pending, the juvenile court terminated its jurisdiction and granted father sole physical and legal custody of V.G.[2]  After requesting supplemental briefing from the parties, we dismissed the appeal as moot.

The California Supreme Court granted father's petition for review and subsequently transferred the matter to us with directions to vacate our prior decision and reconsider the cause in light of *In re D.P.* (2023) 14 Cal.5th 266.  (*In re V.G.* (Apr. 19, 2023, S276496).)  We have done so.  Because we can provide no effective relief to father, that is, relief that "'can have a practical, tangible impact on the parties' conduct or legal status,'" father's appeal is moot.  (*In re D.P.*, at p. 277.)  After considering the factors identified in *In re D.P.*, we decline to exercise our discretion to consider the moot appeal.

*Facts and Procedural Background*

V.G. was born prematurely with a heart condition in July 2021.  By early August 2021, the Santa Barbara County Department of Social Services (department) began receiving multiple referrals reporting concern for V.G. and her 11-year-old brother, I.G. based on possible domestic violence between father and mother.

---

[1] All future statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2] On our own motion, we take judicial notice of the minute order dated June 16, 2022, issued by the juvenile court in this matter.  (Evid. Code, §§ 452, subd. (a), 459.)

In late August 2021, the department received a request for immediate response to the Public Health Department after mother reported ongoing domestic violence.  She told staff she feared for her safety, as well as the children's safety.  She also told the social worker that father was verbally and emotionally abusive to both her and I.G., and she felt unsafe.

Meanwhile, V.G. was diagnosed with failure to thrive and had to be hospitalized.  While under hospital supervision, V.G. gained an appropriate amount of weight and was discharged after five days.  Mother took V.G. and stayed in a domestic violence shelter for approximately two months before returning home.

The day after mother left the shelter, the department received a call from father reporting that mother was acting erratically and was likely under the influence of a controlled substance.  When police arrived, mother admitted using methamphetamine and was arrested.  When she was released several hours later, she returned to father's house and began banging on the door, demanding to be let in.  She also called father and allegedly threatened his life.

In October 2021, the department filed a protective custody warrant for V.G.'s removal from mother after it determined mother was actively using drugs.  Two days later, the department filed a petition on behalf of V.G. pursuant to section 300, subdivisions (b)(1) and (j).

At the detention hearing, the juvenile court removed V.G. from the care and custody of her parents but placed her in the home of father.

After a contested jurisdictional and dispositional hearing, the juvenile court sustained all the allegations in the amended

3

petition, ordered V.G. to remain in the home with father, and further ordered the department to provide father with family maintenance services.

While this appeal was pending, the juvenile court terminated its jurisdiction and awarded father sole physical and legal custody of V.G. We requested supplemental briefing from the parties.

In his supplemental brief, father contended his appeal was not moot because the sustained jurisdictional findings could prejudice him in future dependency or family court proceedings, and because the sustained allegations subjected him to inclusion in the Child Abuse Central Index (CACI) with its attendant stigmatizing and negative consequences.

In its supplemental brief, the department contended that dismissal of the matter in the juvenile court rendered the appeal moot. The department also contended that father misstated the nature of CACI reporting because the allegations against him did not include any of the subsections it reports for CACI purposes. The department also confirmed that it had not reported father's conduct.

Neither father nor the department filed a supplemental brief, as permitted by California Rules of Court, rule 8.200(b), following the Supreme Court's transfer of the case to us for reconsideration in light of *In re D.P.*, *supra*, 14 Cal.5th 266.

*Discussion*

Our California Supreme Court recently addressed mootness in the context of dependency appeals in *In re D.P.*, *supra*, 14 Cal.5th 266, and explained that an appeal is moot when the reviewing court cannot provide effective relief if it should decide in favor of the appellant. (*Id.* at p. 276.) "For relief to be

4

'effective,' two requirements must be met. First, the [appellant] must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the [appellant] seeks." (*Ibid.*) Where the appellant "has not demonstrated a specific legal or practical consequence that would be avoided upon reversal of the jurisdictional findings," the appeal is moot. (*Id.* at p. 273.)

In *In re D.P.*, the juvenile court found that the child had suffered or there was a substantial risk the child would suffer serious physical harm or illness resulting from the parents' failure or inability to adequately supervise or protect the child pursuant to section 300, subdivision (b)(1). (*In re D.P.*, *supra*, 14 Cal.5th at p. 272.) The parents appealed the jurisdictional finding, but while the matter was on appeal, the juvenile court terminated its jurisdiction without issuing any order that continued to impact the parents. (*Id.* at pp. 272, 277.) The father contended his appeal was not moot because the jurisdictional finding was stigmatizing. (*Id.* at p. 278.)

The Court recognized the critical factor in deciding whether a dependency appeal is moot is whether effective relief can be granted if we find reversible error. (*In re D.P.*, *supra*, 14 Cal.5th at pp. 276-277.) "[R]elief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.] It follows that, to show a need for effective relief, the [appellant] must first demonstrate that he or she has suffered from a change in legal status. Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal. The stigma must be paired with some effect on the [appellant's]

5

legal status that is capable of being redressed by a favorable court decision." (*Id.* at p. 277.)

The Court in *In re D.P.* found that the appeal was moot because the father, "though asserting that the juvenile court's jurisdictional finding is stigmatizing," had "not demonstrated a specific legal or practical consequence that would be avoided upon reversal of the jurisdictional findings." (*In re D.P.*, *supra*, 14 Cal.5th at p. 273.)

But a case is not moot where a jurisdictional finding forms the basis for an order that continues to impact a parent's rights. (*In re D.P.*, *supra*, 14 Cal.5th at p. 276.) "For example, a case is not moot where a jurisdictional finding affects parental custody rights [citation], curtails a parent's contact with his or her child [citation], or 'has resulted in [dispositional] orders which continue to adversely affect' a parent [citation]." (*Id.* at pp. 277-278.) Speculative future harm is not sufficient to avoid mootness. (*Id.* at p. 278.)

Notwithstanding mootness, the Court explained that appellate courts "may exercise their 'inherent discretion' to reach the merits of the dispute." (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.) Whether to exercise that discretion is decided on a case-by-case basis based on various broad principles and a nonexhaustive list of factors, including any consequences to the appellant beyond jurisdiction, whether a finding may impact the child's placement or family law proceedings, whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct, and why the appeal became moot. (*Id.* at pp. 285-287.)

No single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal. (*In re D.P.*, *supra*, 14 Cal.5th at p. 286.) The overarching goals of the

6

dependency system – safeguarding children with a focus on preserving the family and the child's well-being – are the ultimate guides in deciding whether to exercise discretionary review.  (*Ibid.*)

Here, father acknowledges that the allegations involving mother were sufficient for the juvenile court to have taken jurisdiction over V.G.  "[W]here jurisdictional findings have been made as to both parents but only one parent brings a challenge, the appeal may be rendered moot."  (*In re D.P.*, *supra*, 14 Cal.5th at p. 283.)  Nonetheless, father contends his appeal is not moot, even after the juvenile court terminated its jurisdiction over V.G., because he is still at risk of future adverse consequences.  Specifically, he contends the juvenile court's jurisdictional findings subject him to registration on CACI, which is stigmatizing and will have a negative impact on his ability to participate in his children's extracurricular activities and his future employment opportunities.

But father's concern about inclusion in CACI does not amount to a "tangible legal or practical consequence of the jurisdictional finding[s] that would be remedied by a favorable decision on appeal."  (*In re D.P.*, *supra*, 14 Cal.5th at p. 278.)  Although inclusion in CACI may be stigmatizing to the person listed, a complaint of stigma alone is insufficient to sustain an appeal.  (*Id.* at pp. 277, 279.)

Furthermore, our Supreme Court explained in *In re D.P.*, when a child protective agency forwards a substantiated report of abuse or neglect to the California Department of Justice for inclusion in CACI, it must provide written notice to the person whose conduct was reported.  (*In re D.P.*, *supra*, 14 Cal.5th at p. 279.)  Here, father has not shown that he received such notice, or

7

that the allegations at issue are reportable.  According to the department, they are not.  To the extent father contends he is subject to CACI inclusion at some point in the future should the department change its reporting policy, this contention is too speculative to survive a mootness challenge.  (*Id.* at p. 280.)

Father also contends that the jurisdictional findings could prejudice him in future dependency or family court proceedings.  But the Court expressly rejected this argument in *In re D.P.*, *supra,* 14 Cal.5th 266 and held, "speculative future harm is [in]sufficient to avoid mootness."  (*Id.,* at pp. 277-278.)

Because we cannot grant effective relief to father, his appeal is moot.  For the same reasons discussed above, we conclude discretionary review is not warranted.  We recognize that father's prompt compliance with his case plan favors discretionary review.  However, no single factor is dispositive.  We must consider all the relevant factors and the totality of the evidence in the record.  (*In re D.P.*, *supra*, 14 Cal.5th at p. 286.)  Having done so, we decline to exercise our discretion to consider the merits of father's moot appeal.

*Disposition*

The appeal is dismissed as moot.

<u>NOT TO BE PUBLISHED</u>.

YEGAN, J.

We concur:

GILBERT, P. J.


BALTODANO, J.

8

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Darlene Azevedo Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

Rachel Van Mullem, County Counsel, Lisa A. Rothstein, Senior Deputy, for Plaintiff and Respondent.